**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA DONOSO, | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Patricia Donoso (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Wells Fargo Bank, N.A. (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Coopersburg, PA.

3. Upon information and belief, Defendant Wells Fargo Bank, N.A. is a financial services company with a location at 4 S Main Street, Coopersburg, PA 18036 and corporate headquarters located at 420 Montgomery Street, San Francisco, CA.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

2

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on November 14, 2025, alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2026-01119 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 5, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1956.

21. On or about June 22, 2015, Defendant hired Plaintiff in the position of Phone Banker.

22. Plaintiff was well qualified for her position and performed well.

23. Throughout Plaintiff's employment, she was promoted five (5) times to various positions.

24. In 2021, Plaintiff became an Underwriting Associate.

25. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF BECAME A PART-TIME TELLER DUE TO A REDUCTION IN FORCE

26. In or around June 2024, Defendant went through a reduction in force.

27. As a result, in or around September 2024, Plaintiff began her new position as a Part-Time Teller.

## PLAINTIFF ACCEPTED THE POSITION IN ORDER TO RETAIN EMPLOYMENT

28. Although she was over-qualified for the Part-Time Teller position, Plaintiff accepted the position in order to retain her employment and benefits.

29. Furthermore, Plaintiff accepted the position with the understanding that Teller experience was a prerequisite to advancement into Banker positions.

30. Plaintiff had also previously held the position of Personal Banker and should have been well-positioned to apply for such job postings.

31. Plaintiff was unquestionably well-qualified for Banker and management-level positions, with decades of relevant experience, prior work as a Personal Banker, and consistent strong performance.

## PLAINTIFF APPLIED FOR MULTIPLE POSITIONS, BUT DEFENDANT SELECTED YOUNGER, LESS QUALIFIED CANDIDATES

32. From in or around June 2024 through in or around August 2025, Plaintiff applied for at least ten (10) full-time Banker and managerial positions for which she was objectively more qualified than the younger candidates ultimately selected.

4

33. The positions included, but are not limited to:

   a.   Senior Premier Banker – Lehigh Valley, PA (6/14/24);

   b.   Senior Premier Banker – Northern Lehigh, PA (6/20/24);

   c.   Branch Manager – Lehigh Bucks, PA District (11/28/24);

   d.   Senior Premier Banker – Saucon Valley Branch (1/31/25);

   e.   Full-Time Teller – Fogelsville, PA (2/20/25);

   f.   Roving Personal Banker – Allentown East Lehigh District (3/4/25);

   g.   Teller – Boyertown, PA (3/20/25);

   h.   Personal Banker – Trexlertown, PA (4/2/25);

   i.   Part-Time Teller – Coopersburg, PA (6/13/25); and

   j.   Branch Manager – Allentown Eastern Lehigh, PA District (8/12/25).

34. Despite her extensive qualifications and years of proven performance, Plaintiff was repeatedly rejected for these positions, all of which were awarded to candidates under the age of forty (40) with substantially less experience.

## DEFENDANT ONLY GAVE PLAINTIFF ONE VAGUE INSTANCE OF FEEDBACK

35. Plaintiff received only one instance of feedback, wherein she was told that another candidate "answered a question better", or words to that effect.

36. This vague explanation does not withstand scrutiny given her far superior qualifications, banking experience, and tenure.

## PLAINTIFF'S MANAGER MADE AN AGEIST REMARK ON PLAINTIFF'S 10-YEAR WORK ANNIVERSARY CARD

37. On her tenth work anniversary in or around June 2025, coworkers gave her a card congratulating her.

5

38. However, Paige Hyland (40's), Regional Banking Branch Manager, added a disparaging and revealing remark, "10 years down, 1 more to go."

39. Plaintiff never disclosed her age nor indicated she was nearing retirement.

40. This remark reflected an ageist stereotype that she was close to retirement and underscored the bias motivating Defendant's refusal to promote her.

## HYLAND SUBJECTED PLAINTIFF TO DISPARATE TREATMENT BASED ON HER AGE

41. As further evidence of her age-based bias, Hyland was more critical of Plaintiff than of her younger colleagues.

42. By way of example, Hyland told Plaintiff that she needed to "smile more" and "use customers' names", tasks Plaintiff already performed diligently.

## DEFENDANT ISSUED PLAINTIFF AN UNWARRANTED NEGATIVE PERFORMANCE EVALUATION THAT WAS DRAFTED BY HYLAND

43. In or around mid-January 2026, Elissa Shymon, Branch Manager, issued Plaintiff an unwarranted negative performance evaluation with the rating of "Needs Improvement" and filled with inaccuracies.

44. This was the lowest rating on a performance evaluation Plaintiff had received during her tenure at Defendant.

45. In addition, Plaintiff had received positive feedback regarding her performance in the months leading up to her performance review meeting.

46. Shymon informed Plaintiff that Hyland had drafted her performance evaluation.

47. The negative performance evaluation prevented Plaintiff from receiving an annual pay increase, as well as hampered her ability to apply for promotional opportunities.

## PLAINTIFF FILED A COMPLAINT WITH HUMAN RESOURCES, BUT HER COMPLAINT WAS NOT PROPERLY ADDRESSED

48. Plaintiff proceeded to file a complaint regarding the performance review with Human Resources.

49. On February 18, 2026, Plaintiff attended a call with Diane Brinson, Lead Enterprise Investigator, regarding her complaint.

50. Brinson informed Plaintiff that she would conduct an investigation into her complaint.

51. However, Brinson notified Plaintiff that Defendant would not adjust her pay rate, even if the investigation found her complaint to be substantiated.

## PLAINTIFF'S OLDER COWORKER WAS TOLD TO RETIRE AND THEN TERMINATED

52. Notably, at all times relevant hereto, Plaintiff has been substantially older than all but one (1) of her coworkers, Paulette Bieber (70's), Full-Time Teller.

53. However, Defendant began to nitpick Bieber's work product beginning in or around August 2025.

54. This led to Defendant issuing Bieber an unwarranted discipline in or around early January 2026.

55. Following the unwarranted discipline, management instructed Bieber to retire before she was terminated.

56. On or about February 20, 2026, Defendant terminated Bieber.

57. However, Defendant falsely claimed that Bieber had elected to retire.

58. Defendant proceeded to replace Bieber with an individual who was 18 years old at the time.

7

59. Importantly, Defendant did not notify Plaintiff of Bieber's position being open and did not inquire if she was interested in the position, despite being fully aware of Plaintiff's multiple applications for full-time positions.

## DEFENDANT HAS AND CONTINUES TO DISCRIMINATE AGAINST PLAINTIFF DUE TO HER AGE

60. Plaintiff's coworkers are overwhelmingly in their 20's, with only one (1) Teller in their 50's who have stated they intend to remain in the Teller position.

61. Unlike them, Plaintiff actively sought promotional opportunities, but was systematically denied in favor of much younger, less experienced candidates.

62. The age-related criticisms of Plaintiff have influenced Defendant's decision making in the hiring process and contributed to the discriminatory failure to promote Plaintiff.

63. Defendant's repeated refusals to promote Plaintiff despite her superior qualifications and the issuance of an unwarranted negative performance evaluation constitute a pattern of unlawful age discrimination in violation of the ADEA and the PHRA.

64. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff was born in 1956.

67. Plaintiff was qualified to perform the job.

68. Defendant repeatedly refused to promote Plaintiff and issued her an unwarranted negative performance evaluation.

69. Circumstances exist which give rise to an inference of causal connection between the

adverse employment actions and her age.

70. Defendant treated younger employees more favorably than Plaintiff.

71. Defendant has no legitimate non-discriminatory reason for its actions.

72. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

75. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Patricia Donoso, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

9

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training  programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 21, 2026                    **By:**    */s/David M. Koller*
                                              David M. Koller, Esquire
                                              Jordan D. Santo, Esquire
                                              2043 Locust Street, Suite 1B
                                              Philadelphia, PA 19103
                                              215-545-8917
                                              davidk@kollerlawfirm.com
                                              jordans@kollerlawfirm.com

                                              *Counsel for Plaintiff*